Allen, J.
 

 The plaintiff seeks to charge the defendant, as a member of a copartnership, composed of himself, Henry Cock, Jonathan Hoag and Stephen Batty, upon two notes of $3,000 each, made in March, 1866, by Hoag to the order of and indorsed by Batty, and discounted by the plaintiff at the request of E. W. Griffen & Co., of Albany, to whom the
 
 *17
 
 proceeds were paid. The allegations of the complaint are that the defendant and the others named were partners, doing business under and using the firm name of Jonathan Hoag, and were and for a long time had been in the habit of making, and did make, notes in that name used as and for the firm name, and procured the same to be discounted for the benefit of the firm, and that the defendants made the note in the firm name of Jonathan Hoag, and that they were indorsed by Batty, one of the partners, for the benefit of the firm, and for a valuable consideration duly transferred to the plaintiff, who discounted and advanced the money on the same to the firm, and that the notes were discounted for, and the proceeds used, for the benefit and in the business of the firm.
 

 The several individual's named were owners in common , of a flouring mill at Augusta, Michigan, thirteen miles from Kalamazoo, at which they manufactured flour for sale from wheat purchased for that purpose. Cock and Thomas resided at and were engaged in other business at Kalamazoo. Hoag and Batty owned separate farms in Washington county, in this State, and one or the other of these were at the mill most of the time. At the time these notes were given, Batty was at the mill, and Hoag at his home in Washington county. Before Batty went west, in 1864, Hoag had signed and Batty had indorsed notes in blank, in a book of blank printed notes, which E. M. Griffen
 
 & Go.
 
 had filled up, and procured to be discounted as they had occasion, and these were two of the notes thus signed and indorsed. There is no evidence that Cock and Thomas had any notice or knowledge of this practice. The only witness upon the subject was a member of the firm of Griffen and Co., and he testified that he loaned a large amount of money on these notes, but how much good Cock and Thomas got out of it he could not tell; he thought, but was not certain, that the proceeds were directed to be sent to Cock and Thomas, and sometimes to Batty at the mill; in a majority of cases the funds were directed to be sent to E. W. Griffen & Co., and when received by them were in most cases credited to. the account
 
 *18
 
 of the mill company, and accounts were sent semi-annually to Cock and Thomas, at Kalamazoo, or Batty, at Augusta. The proceeds of the notes in suit were received by E. W. Griffen
 
 &
 
 Oo., and credited to the mill account, but the witness was not positive that any accounts were rendered after January 1st, 1866. From 1860 to April, 1864, the accounts were kept by Griffen
 
 &
 
 Co., in the name of Hoag, Batty
 
 &
 
 Co., and after that in the name of “ Augusta'Mills and owners.” The correspondence of Thomas, and Cock and Thomas, put in evidence by the plaintiff, shows that in March, 1866, the milling firm were in need of money, that they had a bank debt of $12,000 at Kalamazoo, and that Cock and Thomas were urging Hoag and Batty to raise money by a sale of some of their property, claiming that they had put in the avails of their property, and that the mill owed them $30,000, and complaining that Hoag and Batty had not done as well as they had, and if they had done so, the firm would have been in better shape. There was an entire absence of evidence, that the name of Hoag had ever been used as the name of the firm for any purpose, pr that Hoag or Batty were authorized to bind the firm in that name, and the clear inference from the evidence is, that the western members of the firm were largely in advance, and that Hoag and Batty were under obligations to procure money on their own account to be paid by them into the business of the firm. The accounts rendered, if they came to the knowledge of the defendant, which is not entirely certain, showing that money had been realized upon notes of Hoag, would not, under the circumstances, indicate that the notes had been used or negotiated as the notes of the firm.
 

 So far from there being incontrovertible evidence that the -name of Hoag was adopted and used as the name of the firm for any purpose, there was no satisfactory evidence of such fact; and a finding by the referee that such name had been recognized by the members of the firm, and so established as the partnership name, would have been against evidence. The claim upon the appeal is, that this fact was proved by
 
 *19
 
 clear and satisfactory evidence, as well as undisputed testimony, and that there should be a reversal of the judgment, for the reason that the conclusion of law adverse to the plaintiff was erroneous, with this fact thus incontrovertibly established, although not found by the referee. It is not necessary to consider whether, if the fact claimed was indisputably established by the evidence, this court might not take it into consideration, in connection with the facts found by the referee, and reverse the judgment, if such fact, with the other facts, would entitle the plaintiff to a judgment. But at most, the result claimed is but an inference from doubtful circumstances, uncertain in their character, and as spread out upon the record, not irresistibly pointing to the one conclusion urged in behalf of the plaintiff. It is enough that they are capable of two interpretations, and such being the case, the omission of the referee to find in accordance with the requests of the plaintiff was not error, for which the judgment should be reversed.
 

 This is not an attempt to charge a dormant partner. It is probably true that a dormant partner may be charged upon an express contract made by the active and known partners in the name in which the copartnership business is ordinarily done, as well as upon the implied contracts of the firm. In either case the contract is in the name by which the dormant partner is represented, and in which he has authorized business to be transacted for his benefit. A dormant partner is one who takes no part in the business, and whose connection with the business is unknown. Both secrecy and inactivity are implied by the word. (Parsons on Part., 33, per Baldwin, J.;
 
 Winship
 
 v.
 
 Bank of U. S.,
 
 5 Pet., 573;
 
 North
 
 v.
 
 Bloss, 80
 
 N. Y., 374.) The defendant was neither inactive nor was his connection with the business a secret. The partnership, so far as appears, was open and public. But the difficulty with the plaintiff’s case is, that the contract was not that of the firm, but of individual members of the firm. The money was loaned by the plaintiff on the individual credit of Hoag and Batty, and the fact that it was
 
 *20
 
 applied to the payment of partnership debts, does not constitute the lender a creditor of the firm..
 
 (Jaques
 
 v.
 
 Marquand,
 
 6 Cow., 497;
 
 Emily
 
 v.
 
 Lye,
 
 15 East, 7.)
 

 The case, from East, is to the effect, that where one of two partners drew bills of exchange in his own name, which he procured to be discounted with a banker through the medium of the same agent, who procured the discount of other bills drawn in the partnership name with the same bankers, the latter has no remedy against the partnership, either upon the bills so drawn by the single partner, or for money had .and received through the medium of such bills, though the proceeds were carried to the partnership account, the money being advanced solely on the security of the parties whose names were on the bills, by way of discount, and not by way of a loan to the partnership, and though the bankers conceived at the time that all the bills were drawn on the partnership account. The authority of this case has never been questioned, and it cannot be distinguished from the case in hand. The question in all cases is whether the name used, and to which credit is given, is that of the firm, or a name which the firm has adopted and used as a name to designate the partnership; and it is only in cases where such name has been used, that the members of the firm have been held.
 
 (Faith
 
 v.
 
 Richmond,
 
 11 A. & E., 339 ;
 
 Le Roy
 
 v.
 
 Johnson, 2
 
 Peters, 186 ;
 
 Beavan
 
 v.
 
 Lewis,
 
 1 Simons, 376;
 
 Wright
 
 v.
 
 Hooker,
 
 6 Seld., 51.)
 

 The referee has found that the money was advanced on a discount of the notes of Hoag and indorsed by Batty, and they were entitled to credit with the firm, for the reason that the money went to the benefit of the copartnership; but the defendant and the other members of the firm, who were not parties to the notes, did not become debtors to the plaintiff, either upon the notes or for money lent and advanced.
 

 The judgment must be affirmed.
 

 All concur.
 

 Judgment affirmed.