Scott, J.
The sole question in this case is as to the sufficiency of the facts stated in the petition of the plaintiff in the court below, to constitute a cause of action. Was the demurrer to it properly sustained?
The action was brought against the defendants, Mc-Creath & Roach, as partners, to recover a sum of money alleged to have been paid by the plaintiff’ as surety for the firm. This payment is alleged to have been made in satisfaction of a judgment recovered against him and Mc-Creath alone, upon two promissory notes executed by Mc-Creath individually, and by the plaintiff as surety, for money borrowed by McCreath of one Toberin, for the use of the firm. There is no averment in the petition that the money borrowed of Toberin was loaned by him to the firm of McCreath & Roach. On the contrary, the averment is that the money was loaned to the defendant, William McCreath.
It is not alleged that said firm was doing business under the firm name of William McCreath, or that the notes given for its repayment were executed in the firm name. On the contrary, it is averred that “ said defendant, William McCreath, signed said notes in his individual name.” A recovery is not sought against Roach as a dormant or secret partner, who permitted the firm business to be carried on in the sole name of McCreath, while he kept his own connection therewith concealed from the world. So far as appears from the petition, the partnership was open, public, and notorious. And it is not averred that the plaintiff became surety on the notes at the request of the firm, or of Roach, but simply at the request of McCreath.
It is, however, averred that the money, to secure the repayment of which the notes were given, was loaned to Me *378 Creath on account of, and for the use of, the partnership, and was in fact used in the business of the partnership? and that the plaintiff signed said notes at the request of McCreath, as surety for the said partners, and not for said McCreath individually, and in signing the same understood that he was becoming, and, in fact, did become, surety for said partners jointly, and not for said McCreath as an individual.
In so far as these averments may be understood as importing that the loan was made to the firm, or on its credit, and that the plaintiff became surety for the firm, we think they must be regarded as conclusions of law, drawn by the pleader from the facts stated; that is, from the facts that the money was borrowed for the use of the firm, and was, in fact, applied to and used in its business transactions. A demui’rer does not admit the truth of such conclusions. If they are to be regarded as allegations of fact, they are inconsistent with, and are negatived by, the other averments of the petition ; for the notes themselves (copies of which are appended to the petition), in connection with the averments of the petition, evidence a transaction and contract to which the firm was not a party. They show that the moneys were loaned on the credit of notes executed by a single member of the firm, in his individual name, and by the plaintiff' as his surety. They show that if the plaintiff signed the notes as a surety, his sole principal was William McCreath. In the absence of any allegation of fraud or mistake, the plaintiff can not be permitted, by averment, to contradict the plain terms of his own written contract. The notes must speak for themselves, and they purport to be made by, and in behalf of, William McCreath and the plaintiff only.
The questions raised by the demurrer to this petition are, then, as we think, substantially these: Where a partner, on the security of a note signed by him individually and by another as his surety, borrows money for the use of the partnership, and which is, in fact, applied to partnership purposes, does the money so borrowed become a part *379 nership debt ? And if payment of the note be enforced against such surety, does he thereby acquire a right of action against all the partners, as his principals ? Both upon principle and authority we think these questions must be answered in the negative. “ Where one partner borrows money' on his individual credit, and afterward applies it to the payment of partnership debts, or loaus it to the firm, it does not entitle the original lender to consider himself a creditor of the firm, and to enforce payment against them." Jacques v. Marquand, 6 Cowen, 497 (per Sutherland, J., citing Ex parte Hunter, 1 Atk. 223; Parkin v. Caruthers, 3 Esp. 250). The plaintiff here became surety for an individual member of a firm, on an express separate contract made between him and Toberin. If the money borrowed was subsequently applied by MeCreath to the use of the partnership, he, and not Toberin, thereby became the creditor of the firm. Eor moneys procured by MeCreath on his individual credit, and used for the partnership benefit, there can be no doubt that he would be entitled to a credit in his account with the firm, and it would seem unreasonable that the other partner should, besides, be liable to the lender, on a contract to which he was not, even an ostensible party, and of which he may have had no knowledge.
In Bevan v. Lewis, 2 Eng. Ch. 376, it was held that if a partner borrows a sum of money and gives his own security only for it, it does not become a partnership debt by being applied to partnership purposes, with the knowledge of the other partner.
The same was held in Willis v. Hill, 2 Dev. & Bat. 231. So, in a recent case in New York, it was held by the court of appeals, that “where money is loaned upon the promissory note of one member of a copartnership, and upon his individual credit, the fact that the money was applied to the payment of the partnership debts, does not constitute the lender a creditor of the firm. It is only in cases where the name used, and to which credit is given, is that adopted by the firm, and used to designate the partnership, that it is *380 held liable.” Nat. Bk. of Salem v. Thomas, 47 N. Y. 15. See also Emily v. Lye, 15 East. 7. Such, we think, is the well-settled rule where the question arises between the lender and the partnership. And it can not be otherwise where the surety of the borrower is the plaintiff'. His principal can only be one who is liable for the debt. And unless such liability attaches to the partnership, he can not claim that the relation of principal and surety subsists between the partners and himself.
¥e are,-therefore, of opinion that the court of common pleas did not err in sustaining the demurrer to the petition of the plaintiff below, and that its judgment was properly affirmed by the district court.

Judgment of district court affirmed.