EDGAR WILLIAMS et al., as Executors, etc., Respondents, *v.* JAMES W. GILLIES, Impleaded, etc., Appellant.

As to whether a parol agreement between two or more persons to purchase a specific parcel of real estate with a view of selling at a profit, to pay for the same from their individual means, and to take the deed in the name of one of them, constitutes a partnership in any commercial sense, and so is not violative of the statute of frauds, *quære*.

Conceding a partnership in some sense it does not follow that all the incidents and liabilities of a commercial partnership attach.

Where, in such case, the party taking title gives back his individual bond, for a part of the purchase-money, the name of his associates not appearing in the bond and nothing therein indicating that it was executed on their behalf or for their benefit, they cannot be held personally liable thereon.

D., G. and R. entered into a parol agreement to purchase certain premises on joint account as a speculation, each to contribute a specified proportion of the purchase-money; D. to take the title and give back his bond and mortgage for so much of the purchase-money as was not paid down; the profits to be divided *pro rata*. The purchase was made in pursuance of the agreement, D., with the consent and authority of the others, taking title in his own name and giving to the vendor his individual bond secured by mortgage on the premises. In an action to foreclose the mortgage a judgment for deficiency was rendered against G. *Held*, error; that the facts did not authorize a finding that the name of D. was to be regarded as the agreed name of the firm for the purpose of executing the bond, or that it represented any one but himself.

Also, *held*, that payments on the bond by G. had no effect in changing the character of the bond from an individual to a joint obligation.

*Ontario Bank* v. *Hennessey* (48 N. Y., 545), distinguished and its effect as authority questioned.

*Williams* v. *Gillies* (13 Hun, 422), reversed.

(Argued October 2, 1878; decided November 12, 1878.)

APPEAL on behalf of defendant James W. Gillies from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 13 Hun, 422.)

The facts appear sufficiently in the opinion.

*Wm. H. Arnoux*, for appellant. The finding of fact

that it was agreed that the property was bought for the joint benefit of certain persons who were to share in the profits was not equivalent to a finding that there was a partnership. (*Bocklin* v. *Hardenburgh*, 60 N. Y., 9; *Potter* v. *McClure*, 15 Wend., 187; *Sage* v. *Sherman*, 2 N. Y., 427; *In re Roddin*, 6 Bliss, 377.) The finding that the deed was accepted and the bond and mortgage given by Mr. Dobbs individually are inconsistent with the finding that there was a partnership. (*Hartley* v. *Harrison*, 24 N. Y., 170.) A partnership for the purpose of trading in real estate in this State cannot be created by parol. (*Sage* v. *Sherman*, 2 N. Y., 417–418; *Ont. Bk.* v. *Hennessey*, 48 id., 545; *Chester* v. *Dickerson*, 54 id., 1; *Traphagen* v. *Burt*, 67 id., 30; *McKee* v. *Phillips*, 9 Watts, 85; *Archer* v. *Zeh*, 5 Hill, 205; *Schindler* v. *Houston*, 1 N. Y., 273; *Mattice* v. *Allen*, 3 Keyes, 492; *Brabin* v. *Hyde*, 32 N. Y., 519.) The appellant under the statute of frauds could not compel the defendant Dobbs to specifically convey to him one undivided fourth part of the premises under evidence of a parol contract only. (*Levy* v. *Brush*, 45 N. Y., 589, 597; *Un. Bk.* v. *Coster's Exrs.*, 3 id., 209; *Shepley* v. *Abbott*, 45 N. Y., 451; *De Beerski* v. *Paige*, 36 id., 537; *Mackubin* v. *Clarkson*, 5 Minn., 247; *Kelly* v. *Webster*, 12 C. B., 283; *Cosking* v. *Ward*, 1 id., 858; *Gray* v. *Hill*, Rayan & M., 420; *Rice* v. *Peet*, 15 Johns., 502; *Thayre* v. *Rock*, 13 Wend., 54; *Rickard* v. *Stanton*, 16 id., 25; *Burlingame* v. *Burlingame*, 7 Cow., 92; *Erbin* v. *Lorillard*, 19 N. Y., 299; *Reynolds* v. *Dunkirk, etc., R. R.*, 17 Barb., 617.) Nor could defendant Dobbs enforce any right as against the appellant in relation to said premises. (*Carrington* v. *Roots*, 2 M. & W., 248; *Dung* v. *Parker*, 52 N. Y., 494.) Where a contract is void and cannot be enforced between the parties to it, it cannot be upheld in favor of a third party. (*King* v. *Welcome*, 5 Gray, 41; *Scovell* v. *Boxall*, 1 C. & F., 396; *Dung* v. *Parker*, 52 N. Y., 496.) A bond and mortgage under seal cannot be enforced against one not mentioned therein, or a party thereto, on proof that the obligor and mortgagor had parol authority

to enter into it and acted as agent therein. (*Briggs* v. *Partridge*, 64 N. Y., 357, 361 ; *Huntington* v. *Knox*, 7 Cush., 374.) This doctrine applies with equal force to sealed instruments executed by one member of a partnership. (*Briggs* v. *Partridge*, 64 N. Y., 363; *U. S.* v. *Ashley*, 3 Wash. C., 512; *Patterson* v. *Brewster*, 4 Edw. Ch., 353; *Gates* v. *Graham*, 12 Wend., 53; *McNaughton* v. *Partridge*, 11 Ohio, 223; *Ward* v. *Johnson*, 13 Mass., 150; *Clement* v. *Brush*, 3 Johns. Cas., 180; *Williams* v. *Hodgson*, 2 Harris & J., 474; Parsons on Part., 333.) A sealed instrument, when executed by an agent, must be executed in the name of the principal, and purport to be sealed with his seal in order to bind the principal named. (*Townsend* v. *Hubbard*, 4 Hill, 351; *Clark* v. *Courtney*, 5 Peters, 319–351, and cases cited ; *Bogart* v. *De Bussy*, 6 Johns., 94; *Fowler* v. *Shearer*, 7 Mass., 14; *Elwell* v. *Dean*. 16 id., 42; *Galusha* v. *Hitchcock*, 29 Barb., 193.)

*Fred. H. Kellogg*, for respondents. A partnership may exist for the purpose of dealing in real estate and may be created by parol. (*Chester et al.* v. *Dickerson et al.*, 54 N. Y., 1; *Traphagen* v. *Burt*, 67 N. Y., 30; 2 Barb. Ch., 198–336; 52 Barb., 349; *Sage* v. *Sherman*, 2 N. Y., 417–418.) A person will be deemed a partner if he is interested in the profits of a trade, and if the advantages he derives from it are casual and indefinite, depending on the accidents of trade. (54 N. Y., 110; 67 id., 30; *Leggett* v. *Hyde*, 58 id., 278; *Manhattan Brass Co.* v. *Sears*, 45 id., 797; 2 id., 417–428.) The name of William H. Dobbs was the firm name, and his partners, although persons dealing with it were ignorant of the partnership, and relied solely on the individual faith and credit of Dobbs, are liable. (*Ontario Bank* v. *Hennessey*, 48 N. Y., 545–550; *Poillon* v. *Secor*, 61 id., 458; Story on Partnership, 53, 80, 138, 139; Collyer id., 227–537; *Kelley* v. *Hurlbut*, 5 Cow., 535; 1 Den., 462–417; 10 N. Y., 51; *Opephunt* v. *Matthews*, 16 Barb., 608 ; 48 N. Y., 445 ; *Wright* v. *Hooker*, 10 id., 51; 58 Barb., 290; *Winship* v.

*Bk. of U. S.*, 5 Peters, 529–560.) One partner, if authorized, may subscribe the firm name, affix a seal to a covenant, and thereby bind his co-partners. Such authority may be given by parol, and if he acted without authority subsequent parol adoption is sufficient to bind the co-partners. (*Smith* v. *Kerr*, 3 N. Y., 144; *Renovick* v. *McAllister*, 5 id. Leg. Osb., 16; *Skinner* v. *Dayton*, 19 Johns., 513; *Gram* v. *Seteon et al.*, 1 Hall, 262, and cases cited; *McClelland* v. *Remsen*, 3 Abb. Ct. of App., 74 Keyes, 454; 9 Johns., 288; *McKay* v. *Bloodgood*.) Parol evidence of the creation of the partnership was proper. (16 Barb., 608; *Pierson* v. *Hooker*, 3 J. R., 68; *Chouteau* v. *Suydam*, 21 N. Y., 179.) The appellant is liable for one-quarter of the deficiency because he accepted a deed of his interest from Dobbs, and thereby assumed his proportionate share of the mortgage. (12 Ad & El. [N. S.], 317; 21 N. Y., 179.)

CHURCH, Ch. J. This appeal is on behalf of the defendant Gillies, and is from a judgment for deficiency arising upon a sale under a foreclosure of a mortgage executed by one Dobbs to the plaintiff's testator to secure the balance of purchase-money upon the sale and purchase of several unimproved lots in the city of New York. The mortgage was given to secure a bond executed by said Dobbs for such purchase-money. The defendant Gillies was charged by the Special and General Terms on the ground that he was a co-partner with Dobbs in the purchase, and was liable as an obligor of the bond. The complaint alleges partnership generally, but claims that Gillies is personally liable for one quarter of the deficiency upon the ground that he assumed the payment of that amount in a deed which he received of one-quarter interest in the premises. The judge however found against a delivery of the deed, and the only question is whether a liability exists by virtue of a partnership.

The judge finds that Dobbs and Gillies, and one Raynor agreed to make the purchase on joint account on speculation, Raynor to have half, and Gillies and Dobbs one-quarter each,

that Dobbs was to take the title, and give back a bond and mortgage, and each was to contribute his proportion of the purchase-money from his individual means, and divide the profits *pro rata*. That in pursuance of this agreement the purchase was made, the deed was executed and delivered to Dobbs with the authority and consent of Gillies and Raynor, Dobbs giving back his bond for the unpaid purchase-money and the mortgage in suit as security therefor, that each contributed his proportionate share of the purchase-money paid down ($5,000) and each paid thereafter his proportion of the interest on the bond.

To sustain this judgment requires the adoption of several propositions, all of which I find it difficult to approve. An existing partnership may purchase real estate with partnership funds, and for partnership purposes, and it is immaterial in whose name the title is. It is regarded in equity as between the partners and creditors as personal estate. A trust results from the payment of the consideration with partnership funds in favor of the firm. It is also well settled that a partnership may exist for the purpose of dealing in real estate, and there is considerable authority, and perhaps a preponderating weight of authority that such agreements may be proved by parol, without violating the statute of frauds. The tendency of the decisions in this State is in that direction, although the point has never been definitely settled by this court in a case where the question was necessary to the decision.

I shall assume the validity of the parol agreement in this case, but in doing so, it is not intended to affirm the proposition unqualifiedly, that every parol agreement, between two persons, to purchase a specific parcel of real estate, and pay for the same from their individual means, and take the deed in the name of one, although with a view of selling at a profit, is valid and binding upon the ground that it constitutes a partnership in any commercial sense, and is therefore not violative of the statute of frauds. In some of the cases where this doctrine is held there were other circumstances which

obviated the objection, and there are respectable authorities against the doctrine. I cite a few of those examined on the question. (*Chester* v. *Dickerson*, 54 N. Y., 1; *Fairchild* v. *Fairchild*, 64 id., 471; *Traphagen* v. *Burt*, 67 id., 30; 3 Sumner, 435; *Caddick* v. *Skidmore*, 2 De Gex & J., 55; 1 Munf., 316; 10 Ala., 447, 694; 12 Wis., 152; Story on Partnership, § 83, 139, and cases cited; Parsons on Partnership, 368; *Dale* v. *Hamilton*, 5 Hare, 369; *Buchan* v. *Sumner*, 2 Barb. Ch., 166; *Smith* v. *Tarlton*, id., 336; *Patterson* v. *Brewster*, 4 Edw. Ch. R., 352, 364; Lind. on Part., 83, and cases cited.)

Conceding a community of interest, and in some sense a partnership, it does not follow that all the incidents and liabilities of a commercial partnership attach. The transaction must be construed with reference to the character of the property and the legal rules applicable to it. The bond in question was executed by Dobbs in his individual name. Neither the name of Gillies appears in the bond, nor is there anything appearing indicating that it was executed on behalf of, or for the benefit of any other person. It is a general rule that in order to bind a firm upon an instrument executed by one of its members, it must be executed in the name of the firm, or in other words it must purport to be executed by the firm. Especially is this true in the cases of sealed instruments and promissory notes. (See cases before cited, *Nat. Bk. of Salem* v. *Thomas*, 47 N. Y., 15; Parsons on Part., 255; Parsons on Bills, 130; 11 R. I., 272; Story on Part., §§ 102, 135, etc.)

This objection was sought to be overcome by the General Term, by the position that the individual name of Dobbs might be regarded as the agreed name of the firm, for the purpose of executing the bond. If this was so we should at once encounter the rule that the authority to execute a conveyance or any act required to be by deed, must be conferred by deed. (*Worrall* v. *Munn*, 1 Seld., 229, 239; *Gates* v. *Graham*, 12 Wend., 53, and note.) This court has recently held that oral authority to enter into a contract to purchase lands would not

bind the principal upon a contract entered into by the agent in his own name, under seal. (*Briggs* v. *Partridge*, 64 N. Y., 357.) But with great respect I cannot concur in the view taken that the name of Dobbs can be regarded as the firm name or that it represented any one but himself upon this bond. There is no such finding, and no evidence to warrant such a finding. True the finding is that Dobbs executed the bond with the consent and authority of Gillies and Raynor, but this does not necessarily imply that he was to execute it as their act. He was to execute it in his individual name and all the facts imply that it was to be his individual act, in pursuance of the verbal agreement by which they were to share in the profits. If we look at the evidence, it repels the idea of a joint obligation and tends to show that Gillies refused to take the deed, and give the bond and mortgage, because he was unwilling to be bound. It is competent for co-partners to agree to carry on the business of the firm in the name of an individual member. "The question in all cases is whether the name used, and to which credit is given, is that of the firm or a name which the firm has adopted and used as a name to designate the partnership." (47 N. Y., 15, per ALLEN, J.) In *Ontario Bk.* v. *Hennessey* (48 N. Y., 545), under a co-partnership agreement where one of the members was to transact all the business of the firm, an agreement that the business was to be done in the name of that member was inferred. I do not complain of the propriety of the inference in that case, but it is left in doubt whether the court assented to it. One of the commissioners agreed to the judgment upon another ground, and a third one agreed to it, but it does not appear upon what ground, one dissented, and one did not sit.

Here was but a single act that of taking title and securing the purchase-money, and the presumption is that the name used in the bond, mortgage and deed was identical, and there is not the slightest circumstance tending to establish that the so-called firm intended to execute the bond, any more than the mortgage, or take the title as tenants in

common. The substance of the transaction was that Dobbs was to take title, and give *his* bond and mortgage in his own name, and representing himself, and no one else, and this is not inconsistent with the agreement that Raynor and Gillies were to have an interest in the speculation. The question is, who executed this bond, and upon this point the intention of the parties is material. (2 Kent's Com., 25.) If the bond was not executed in the name of the firm, nor with the intention that it should be their act, can the vendor claim any rights against the others? I think not. He transferred the land to Dobbs and received $5,000, in cash, and a mortgage upon the premises, and the individual bond of Dobbs, to secure the balance of the purchase-money. This was the security which he bargained for, and received, and intended to accept. So far as he gave credit to any one, it was to Dobbs. It is probable if not presumable that he knew all the facts. Raynor was his son-in-law, and broker who negotiated the sale. I think the case fairly shows that all the parties, including the vendor, intended the transaction to be precisely what it purports on the face of the papers, and that neither of them intended or supposed that any one was liable upon the bond but Dobbs. Raynor afterwards became liable for the proportion of the bond represented by his interest under the parol agreement, by accepting a deed assuming such liability, but Gillies refused to accept the deed tendered him for his interest, and assume that proportion of the bond and mortgage, and judgment was not even asked against them as co-obligors. The liability based upon partnership seems to have been an afterthought. It is only by artificial, and unnatural construction, and inference, changing the real character of the transaction from what it was that the liability of Gillies can be established, and I do not think there is any legal warrant for it. Whatever validity there may be in the verbal agreement, it was an agreement *inter sese*, with which the vendor had no concern, and which he cannot avail himself of. The conclusion of the vice chancellor in *Patterson* v. *Brewster* (4 Edw. Chy., 364), where a

similar attempt was made, is appropriate here. He said: "The court must therefore intend that he made his contract to sell on the personal responsibility of Wetmore and Havens, and upon the mortgages by way of further security. He must not complain if he is left with no other or better remedy than the securities which he holds can afford him." (Id., 367.) The payments upon the bond and mortgage by Gillies may tend to confirm the verbal arrangement that he was to have an interest, but they have no effect in changing the character of the bond from an individual to a joint obligation. They are as consistent with the former as the latter. I am unable to find any principle or precedent which will justify a court in holding Gillies personally liable as a joint obligor of this bond. The judgment to that extent must therefore be reversed.

All concur, except MILLER and EARL, JJ., absent at argument.

Judgment reversed.