EDGAR WILLIAMS AND OTHERS, EXECUTORS, ETC., OF LORRAIN FREEMAN, DECEASED, APPELLANTS, *v.* JAMES W. GILLIES, RESPONDENT, IMPLEADED, ETC.

*Mortgage — one not a party to it cannot be made liable by evidence of an oral agreement that the title was to be taken in part for his benefit, for any deficiency arising upon a foreclosure sale.*

In an action to foreclose a mortgage given to secure a portion of the purchase-price of the property covered by it, the mortgagee offered to show that the mortgagor purchased the property for the benefit of two other persons, as well as for himself, and in pursuance of an oral agreement made with them that each should furnish a proportionate part of the purchase-price. He sought to prove these facts in order to entitle himself to a judgment against one of these two parties for his share of any deficiency that might arise upon the sale.
*Held*, that the court properly excluded the evidence.

APPEAL from a judgment, entered upon the trial of this action at a Special Term.

*Lucien Birdseye*, for the appellants.

*James M. Fisk*, for the respondent.

DANIELS, J.:

This action was brought to foreclose a mortgage upon property situated in One Hundred and Thirty-fifth street, in the city of New York. It had in form been conveyed by the testator to the defendant Dobbs, and he executed and delivered the bond and mortgage in suit to secure the unpaid purchase-price. For the purpose of charging a part of the deficiency which might be left after the sale of the property mortgaged upon the defendant Gillies, evidence was given tending to show that Dobbs delivered to him a deed in terms declaring that the grantee in it assumed to pay the equal one-fourth part of the principal and interest due upon the mortgage. This evidence was chiefly obtained from the defendant Dobbs, as a witness for the plaintiff, and as he gave it, it justified the belief that the deed had in fact been delivered to and accepted by the defendant Gillies. But the latter, as a witness in his own behalf, in the most positive terms, controverted and denied the accuracy of this statement, and the conflict presented by the proof in this manner was determined by the court against the plaintiffs, for it was held that the deed had not been legally delivered to or accepted by the defendant Gillies; and there was no such preponderance in the evidence sustaining its acceptance by him as would authorize an appellate tribunal to set aside that determination, particularly when it has been made, as it was in this case, chiefly upon the effect of evidence of interested parties. (*Elwood* v. *Western Union Tel. Co.*, 45 N. Y., 549, 553, 554.)

Still further to maintain the liability of Gillies to be charged with this deficiency evidence was offered, and in part given, to establish the fact that the title to the property was taken by Dobbs for the benefit of Gillies and another person, as well as for himself, and that each of these parties was to furnish a proportionate part of the purchase-money for the payment of its purchase-price.

It was not proposed to make proof of these facts by written evidence, but simply to show an oral arrangement between the parties to that effect; and the court not deeming that to be proper rejected

the offered evidence. In *Williams* v. *Gillies* (13 Hun, 422) a recovery upon the basis of such evidence was sustained, but this was reversed when the case was afterwards taken to the Court of Appeals. (*Williams* v. *Gillies*, 75 N. Y., 197.) And the authority of that decision would seem to be decisive against the right of the plaintiffs to a judgment imposing any part of the deficiency upon Gillies through the instrumentality of evidence of this nature. If it had been received it would have established no more than the fact that Gillies was a party interested in the purchase, and as between himself and the mortgagor was bound to pay his proportionate part of the purchase-price, which would in no sense make him a party to the bond and mortgage executed alone by Dobbs, and in terms wholly obligatory upon him. That was the obligation received by the testator, and it does not seem to have been competent for his executors to enlarge its terms so as to make it include another party in no way named or referred to in it and thereby subject him by means of such evidence as was offered to a personal liability for the mortgage debt. If the evidence had been received it would simply have shown that Gillies was interested in the purchase, and had undertaken through his arrangement with Dobbs and the other parties in interest to pay one-quarter of the price. And as much as that was admitted in *Briggs* v. *Partridge* (64 N. Y., 357, 363), and yet it was held that the party sustaining that relation to the purchase could not be rendered liable upon an instrument executed by another person under seal for the payment of the price. That case, in its facts, was as broad as the present one would have been if the evidence offered had been received, and it is accordingly a decisive authority against the plaintiffs in this case.

The rule upon this subject has been declared to be that, " when a contract is made by deed under seal, on technical grounds no one but a party to the deed is liable to be sued upon it; and therefore, if made by an agent or attorney, it must be made in the name of the principal, in order that he may be a party, because otherwise he is not bound by it." (*Huntington* v. *Knox*, 7 Cush., 371, 374; *Pease* v. *Pease*, 35 Conn., 131.)

Possibly, after the payment of the purchase-price, the defendant Dobbs may, under the circumstances, if they shall be properly proved, be entitled to contribution from Gillies to the extent of the

proportionate part of the purchase-price paid for his benefit. But whether he will be or not it is not proper to consider or to decide at this time. Under no legal theory was the right to charge any portion of the indebtedness under the mortgage on the defendant Gillies made to appear in the case, and the evidence rejected would not have changed it in that respect.

The judgment, for these reasons, should be affirmed, with costs.

BRADY, P. J., and BARKER, J., concurred.

Judgment affirmed, with costs.