SAFRAN v. ROSENZWEIG et al.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

PARTNERSHIP (§ 146*)—LIABILITY TO THIRD PERSONS—MONEY ADVANCED TO ONE PARTNER.

Where a check was made out to a partner individually, and it nowhere appeared that he made any express or implied promise in behalf of the firm to repay it, the mere fact that it was used to enlarge the firm business did not make it a firm obligation.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 242–251, 253–255; Dec. Dig. § 146.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Dora Safran against Nathan Rosenzweig and another. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. L. Kalman, of New York City (I. Gainsburg, of New York City, of counsel), for appellants.

Horace London, of New York City, for respondent.

LEHMAN, J.   The plaintiff has recovered a judgment for money alleged to have been loaned by her assignor to the defendants.   The loan is evidenced by a check given to Nathan Rosenzweig and indorsed by him to the firm of which both defendants are members.   Nathan Rosenzweig claims that the check was given as a dowry, and not as a loan.   While there is a conflict of testimony on this point, the surrounding circumstances seem to corroborate Rosenzweig's version that the check was given as dowry, for there can be no serious doubt but that the written contract of betrothal provides for the giving of a dowry, and not the payment of a fine, by the bride.

Without now determining whether the check was given as a loan or as dowry to Nathan Rosenzweig, the judgment against the firm of which Nathan Rosenzweig was a member should be reversed, because there is no evidence that it was a firm obligation.   The check was given to Nathan Rosenzweig by his prospective father-in-law.   It was made out to Nathan Rosenzweig individually.   It is claimed that he promised to repay it in installments two months after demand, but nowhere does it appear that he made any promise in behalf of his firm to repay it.   The mere fact that it was used to enlarge his business does not make it a firm obligation.   The money was apparently loaned to him upon his individual credit, if, in fact, it was loaned, and the copartnership cannot be held liable for its repayment, unless he agreed expressly or impliedly on behalf of the copartnership to repay it. "The question in all cases is whether the name used, and to which credit is given, is that of the firm, or a name which the firm has adopted and used as a name to designate the partnership; and it is only in cases where such name has been used that the members of the firm have been held."   National Bank of Salem v. Thomas, 47 N. Y. 15.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.