(12 Misc. Rep. 204.)

## HAYDEN et al. v. POST et al.

(City Court of New York, General Term. April 16, 1895.)

PRINCIPAL AND AGENT—PERSONAL LIABILITY OF AGENT.

In an action against a husband and wife for commissions for selling real estate, it appeared that plaintiffs were employed by the husband; that at the time of the employment the property was owned by the wife, of which plaintiffs were informed while negotiating the sale. There was no evidence of an original undertaking on the part of the husband to pay for plaintiffs' services. *Held*, that plaintiffs would be presumed, after notice of the ownership of the property, to have dealt with the husband as agent of his wife, and the complaint should have been dismissed as to him.

Appeal from trial term.

Action by Katherine H. Hayden and Thomas J. Hayden against Lena Post and Franklin Post to recover commissions for effecting the sale of real estate. There was a judgment for plaintiffs, and defendant Franklin Post appeals. Reversed.

Argued before EHRLICH, C. J., and McCARTHY, J.

Baldwin & Blackmar, for appellant.
William E. Stillings, for respondents.

McCARTHY, J. The evidence shows that the property in question was owned by Lena Post at the time of the alleged employment of the plaintiffs, and therefore pending the negotiations. It also appears that such fact was made known to the plaintiffs pending the negotiations, and long before the signing of the contract and the consummation of the exchange. The plaintiffs, having been thus apprised of the agency of Franklin Post, must be presumed to have dealt with him during the rest of the negotiations as the agent of his wife, the owner, unless we find some evidence to show an original undertaking on the part of Franklin Post to pay for these services. Otherwise, it would be an attempt to compel him to pay the debt of another, for which he would not be liable, unless in conformity with the statute of frauds. We have carefully examined the testimony, and have been unable to find any evidence showing a promise on the part of Franklin Post to pay. We think, therefore, that the court erred in not dismissing the complaint, as to Franklin Post, at the close of the plaintiffs' case. Of course, on the new trial, by showing either the authority of Franklin Post to act for his wife, or that she participated in the negotiations or ratified his acts by any conversation or acts on her part, Lena Post would be liable. Again, the plaintiffs may show the amount of commission to be paid, as settled by custom, but they cannot prove a liability or employment by custom. There must be an employment of the plaintiffs by Franklin Post, and a participation or ratification by Lena Post, the principal, in order to make her liable. If the case had been tried on this line, the plaintiffs might have been successful. Without passing further upon the other questions raised, the judgment herein should be reversed, and a new trial granted, with costs to appellant, to abide the event.