WALTER RAVOLD and Another, Copartners Doing Business under the Firm Name and Style of the SUNRISE CREAMERY COMPANY, Plaintiffs, *v.* FRED BEERS, INC., Defendant.

County Court, Nassau County, November 29, 1933.

*Edward Marks*, for the plaintiffs.

*Edgar F. Hazleton [Gustav W. M. Wieboldt* of counsel], for the defendant.

JOHNSON, J. The plaintiffs, Ravold and Van Son, are suing as a partnership doing business under the firm name of Sunrise

Creamery Company. The defendant has interposed five counter-claims. The plaintiff moves for an order dismissing all such counterclaims.

Such motion is directed to the first and fourth counterclaims upon the ground that they state no cause of action against the plaintiff partnership but only as against one of the partners. If this be so, the counterclaims must be dismissed for the reason that, in an action by copartners, a counterclaim against one of them may not be interposed. (*Roldan* v. *Power*, 14 Misc. 480.)

In *Ontario Bank* v. *Hennessey* (48 N. Y. 545) the commissioners of appeal expressed the opinion that the rule seemed to be that a firm is liable when one of its members borrows, not expressly on his own individual credit, and it is shown that the money was actually borrowed for, and appropriated to, the use of the firm. In that case, however, it was shown that, under the partnership agreement, one of the partners was to transact all the business of the firm, and the court drew the inference therefrom that it was an agreement that such business should be transacted by him in his own name. In any event, the expression of opinion in that case was dictum only, and was distinguished and disapproved by the Court of Appeals in *Williams* v. *Gillies* (75 N. Y. 197, at p. 203), where the court said: " I do not complain of the propriety of the inference in that case, but it is left in doubt whether the court assented to it. One of the commissioners agreed to the judgment upon another ground, and a third one agreed to it, but it does not appear upon what ground, one dissented, and one did not sit."

I think that the correct rule was stated and applied in *National Bank of Salem* v. *Thomas* (47 N. Y. 15) to the effect that, where money is loaned upon the note of one of the partners and upon his individual credit, the fact that the money was applied to a partnership indebtedness does not make the lender a creditor of the firm; and that it is only where the name used and to which the credit is given is that adopted by the firm and used to designate the partnership, that it is held liable.

The question, therefore, in each case is whether the loan is made and credit extended to the partnership or to the individual partner, and, therefore, whether in obtaining the loan the partner is acting as an individual or as agent for the partnership.

In the first counterclaim it is alleged that the loan was made to the plaintiff at the special instance and request of the plaintiff Van Son. I must read this as alleging that at the request of one of the partners the loan was made to the partnership. So read, that counterclaim states a cause of action against the plaintiff partnership.

As to the fourth counterclaim, however, the situation is otherwise. The allegation there is that the defendant's assignor loaned the money to the plaintiff Van Son. There is no allegation that the loan was made to the partnership but merely the allegation that Van Son borrowed it for the purpose of using the same in the business of the partnership, and that it was actually so used. I do not think the allegations are sufficient to charge a loan made to the firm upon the firm's credit, or that Van Son in borrowing the money was acting as agent for the firm.

The second and third counterclaims relate to the pasteurization of milk, which is apparently the basis of the cause of action alleged in the complaint. The second counterclaim alleges that during the period therein mentioned, the defendant delivered stated quantities of milk to the plaintiffs and that during the same period the plaintiffs returned stated quantities of milk in pasteurized form to the defendant. The only other allegation with respect to the transaction is that the milk was " returned short " to certain number of quarts and cans. There is no allegation of a sale of milk to the plaintiffs and there is no allegation as to any contractual obligation by the plaintiffs with respect to pasteurization and return. In my opinion, the allegations are insufficient to establish a proper counterclaim.

In the third counterclaim, however, it is alleged that during the period stated, defendant delivered certain milk to the plaintiffs for pasteurization, which milk was sweet when so delivered; that the plaintiffs returned the milk to the defendant sour, through the negligence and carelessness of the plaintiffs, with resultant damage to the defendant. This states a cause of action. It sounds in tort, however, and the question is presented whether it is a proper counterclaim. The complaint alleges in substance that between May 28, 1933, and June 4, 1933, the plaintiffs, at the request of the defendant, performed work, labor and services consisting, according to the schedules annexed to the complaint, of pasteurization, bottling and canning of milk. The third counterclaim alleges that during approximately the same period, the plaintiffs were careless and negligent in performing such pasteurization, with resultant damage to the defendant. In my opinion this states a cause of action tending to diminish or defeat plaintiffs' recovery arising out of the contract or transaction set forth in the complaint as the foundation of plaintiffs' claim or connected with the subject of plaintiffs' action. (Civ. Prac. Act, § 266.)

The objection to the fifth counterclaim is that it fails to allege non-payment. The allegation is that during the periods stated, the defendant, at plaintiffs' instance and request, delivered to plain-

tiffs ice of the value of $33.75, which sum is still due and owing from plaintiffs to defendant. I consider that this is a sufficient allegation of non-payment.

Motion denied as to first, third and fifth counterclaims. Motion granted as to second and fourth counterclaims, with leave to the defendant, however, if so advised, to serve amended answer within ten days after service of order to be entered herein upon payment of ten dollars costs.