SLUSS ET AL. v. CAPITOL LUMBER COMPANY.

[No. 15,535. Filed January 26, 1938. Rehearing denied October 7, 1938.]

*Carl Humble,* for appellants.

*Means & Buenting* and *R. E. George,* for appellee.

LAYMON, C. J.—This is an action to foreclose a mechanic's lien for materials furnished in the construction of a building upon certain real estate owned jointly by appellant Anna E. Sluss and her husband, Ellis E. Sluss.

The issues consisted of a complaint in one paragraph, the answers of Anna Sluss and Ellis Sluss in general denial, and the default of the Life Assurance Company of America and the Hubbard Lumber Company. The cause was submitted to the court for trial without the intervention of a jury, resulting in a finding and judgment that appellee recover of appellant Anna Sluss and her husband the sum of $1,296.99; that appellee's lien be foreclosed as against all defendants; and that said real estate be sold to satisfy the amount found due the appellee. Appellant Anna Sluss filed her motion to modify the judgment and decree upon the ground that there should be no personal judgment rendered against her. This motion was overruled and excepted to. In due time appellant Anna Sluss filed her motion for a new trial, the grounds of which, as presented in the brief, are: That the decision of the court is not sustained by sufficient evidence; and that the decision of the court is contrary to law. The motion for the new trial was overruled, and appellant excepted, thereafter perfecting this appeal.

Errors assigned for reversal are the overruling of the motion to modify the judgment and the overruling of the motion for a new trial. Under both of the assigned errors appellant Anna Sluss challenges the sufficiency of the evidence to warrant the trial court rendering a personal judgment against her.

In passing upon this question it is only necessary for this court to determine whether there is any evidence which tends to support the decision of the trial court, and if there is such evidence, the judgment, under the well-established rule, will not be disturbed on appeal.

It appears from the evidence that the husband of appellant Anna Sluss called upon appellee for the purpose of purchasing materials for the construction of a building upon the farm owned jointly by him and his wife; that he was given an estimate of the materials needed; that the materials were sold to Anna and Ellis Sluss and were actually delivered to and used on the farm land; that Ellis Sluss directed appellee to charge the account to him and his wife, Anna Sluss; that Anna Sluss made a payment by check to appellee on the account in the sum of $700; that both Anna and Ellis Sluss were present and supervised the construction of the building; and that appellant Anna Sluss did not deny at any time during the trial of the cause that her husband was her agent.

In support of her contention that she was not personally liable for the materials furnished, appellant Anna Sluss points out that the original estimate contained the name of her husband and that the delivery tickets contained the statement "Charge to Ellis E. Sluss." She urges that these facts establish the contract in question. This contention, however, is not tenable. These facts are evidence of the contract and should be considered, together with all of the other

facts and circumstances as disclosed by the record, in determining the terms of the contract and the parties thereto. It is also urged by appellant Anna Sluss that the evidence is insufficient to warrant the conclusion of the trial court that her husband was acting as her agent in the purchase of the materials.

It is a well-recognized principle that the relationship of principal and agent can be proved by circumstantial evidence. Appellant Anna Sluss was the wife of the alleged agent and paid a part of the account for the materials sold. The materials were actually furnished and used in the construction of the building upon the real estate jointly owned by them, and appellant Anna Sluss was present and actively supervised the construction of the building in which the materials were used. All of these facts were proper to be considered upon the question of agency. Furthermore, appellant did not deny the agency.

Under such facts and circumstances, in the absence of proof to the contrary, the trial court was warranted in concluding that appellant's (Anna Sluss') husband was acting as her agent in the purchase of the materials.

The judgment of the trial court is affirmed.