MICHALIK ET AL. *v.* PAZDUR.

[No. 15,657. Filed March 29, 1938. Rehearing denied May 10, 1938.]

*Grant Crumpacker* and *Michael Havran,* for appellants.

*S. S. Dubin, Ralph M. Pachter* and *Victor Neumark,* for appellee.

BRIDWELL, J.—This action was brought by the appellee against appellants Bertha Michalik and her husband George Michalik, to recover judgment for certain amounts of money which appellee alleges he loaned to both of the Michaliks. Both defendants to the complaint

filed an answer to the several paragraphs thereof in general denial. Defendant George Michalik filed an additional pleading, which he denominated a cross-complaint, but since he assigns no error on appeal, and by this additional pleading sought relief against Jacob Pazdur only, there is no need to state its averments. The cause was submitted to a jury for trial upon the issues formed by the third, fourth, amended seventh, and the amended eighth paragraphs of complaint, and the answers thereto. All other paragraphs of the complaint were dismissed on motion of plaintiff, the appellee Pazdur. The jury returned its verdict in favor of appellee, and against both Bertha and George Michalik, for the sum of $4,500.00. Judgment on the verdict followed. In due course, Bertha Michalik filed her motion for a new trial, assigning as causes therefor, among others, that the verdict of the jury is not sustained by sufficient evidence, and that the verdict of the jury is contrary to law. This motion was overruled, appellant excepted, and thereafter perfected this appeal as a term-time appeal, assigning as error the action of the court in overruling her motion for a new trial.

It is contended by appellant that the evidence is wholly insufficient to sustain the verdict, and after reading the entire evidence from the transcript, we agree with this contention. We find evidence to prove that on four different occasions appellee Pazdur delivered to George Michalik certain checks, aggregating in amount $4,372.18, which were endorsed by said Michalik and thereafter cashed from funds owned by Pazdur, but none of said checks were payable to Bertha Michalik, or to her and her husband George, nor does her endorsement appear upon any one of them. There is no written evidence of any loan ever made by appellee to her, nor is there any evidence tending to prove that, prior to the transactions between her hus-

band and Pazdur, she had ever solicited the making of the claimed loans, or any one of them, or had any negotiations concerning same with Pazdur. There is also an entire lack of evidence to show any authority on the part of her husband to borrow any money from the appellee on her account; nor does it appear, from any evidence given by any witnesses testifying, that any such representation was made to appellee by the said George Michalik. In addition to the foregoing, it may also be stated that there is no evidence to prove that the proceeds of any one of the alleged loans, or any part of said proceeds, ever came into the possession of Bertha Michalik. It is true that appellee Pazdur, while testifying, stated that he made the claimed loans to both George and Bertha Michalik, yet when he states the facts in connection with the respective loans, *which he purports to do,* it clearly appears that his prior statement concerning making the loans to both is but a conclusion on his part, and that the loans here involved were made only to the said George Michalik. There is some evidence disclosed by the record, and upon which appellee relies, as to certain statements made by appellant wherein she admitted she owed appellee money, but the witness testifying concerning these claimed admissions does not by her evidence purport to connect the statement alleged to have been made as referring in any way to the loans, or either of the loans, for which recovery is here sought. If it be conceded that appellant did say she owed appellee Pazdur money, and made the statement after the time when he claims the four transactions here involved occurred, this of itself would not be sufficient evidence to sustain the verdict, as it would fall far short of proving that she borrowed the particular amounts at the times claimed, and as alleged in the complaint.

In reaching our conclusion herein, we have kept in

mind the well established rule that this court will not weigh the evidence, nor reverse a judgment because of insufficiency thereof where there is some evidence to sustain the decision of the trial court, or the verdict of the jury on all material questions involved. However, where, as in the instant case, there is no evidence to support the verdict of the jury on a material point, it is also well settled that the judgment will not be allowed to prevail. See *McConnell* v. *The Citizens' State Bank* (1891), 130 Ind. 127, 27 N. E. 616. We have considered the evidence most favorable to appellee and, after so doing, conclude that it is not sufficient to sustain the verdict as against Bertha Michalik.

The judgment against George Michalik is affirmed. The judgment against Bertha Michalik is reversed, with instructions to sustain her motion for a new trial.