STAMETS ET AL. *v.* PERRY

[No. 16,478.   Filed March 3, 1941.]

*Howard S. Grimm,* of Auburn, for appellants.

*Andrew W. Perry,* of Fort Wayne, for appellee.

STEVENSON, P. J.—The appellee brought suit against the appellants to recover an attorney's fee alleged to be due him. The complaint alleged that the appellants had employed the appellee to represent them in an action to recover the possession of certain real estate; that pursuant to said employment the appellee did represent the appellants and did prosecute said cause of action for the appellants and that his services as attorney in said cause were reasonably worth $200.00. The complaint further alleged that he had been paid the sum of $90.00 on account of said services so rendered, and concluded with a prayer for the unpaid balance in the amount of $110.00.

To this complaint the appellants filed an answer in two paragraphs. The first paragraph was an answer in general denial, and the second paragraph was in the nature of a counterclaim which set up an alleged agreement which the appellants had with the appellee that his services as their attorney were to be rendered at an agreed price of $50.00; that $25.00 had been paid to the appellee in cash by the appellants and that the appellants had recovered $65.00 as a judgment in the ejectment proceedings, which amount the appellee had collected and retained; and their counterclaim sought to recover the sum of $40.00 as overpayment to the appellee.

The case was submitted to a jury for trial and the jury returned a verdict in favor of the appellee in the sum of $110.00. Judgment was rendered upon this verdict. A motion for new trial was filed and overruled, and this appeal has been perfected.

The only error assigned on this appeal is the overruling of the appellants' motion for new trial. Under this assignment, the only question presented by the appellants is the sufficiency of the evidence to sustain the verdict. The appellants contend under this assignment that the evidence is undisputed and shows conclusively that the appellants and appellee had an agreement to the effect that the appellee was to perform the services as an attorney for the agreed price of $50.00. In answer to this contention, we deem it sufficient to say that the evidence is in sharp conflict on this issue.

The rule is well settled that this court cannot weigh the evidence on appeal for the purpose of determining the correctness of the jury's verdict. The jury heard the testimony of the witnesses as to whether or not there was a fixed amount agreed upon for the services rendered by the appellee. It

decided against the appellants on this issue. The trial court, by overruling the motion for new trial, placed its stamp of approval upon this verdict.

In view of the conflicting evidence, we cannot say that the verdict is unsupported by sufficient evidence or is contrary to law. *Great Atlantic & Pacific Tea Co.* v. *Custin* (1938), 214 Ind. 54, 13 N. E. (2d) 542, 14 N. E. (2d) 538; *Sluss* v. *Capitol Lumber Co.* (1938), 105 Ind. App. 587, 14 N. E. (2d) 745. The trial court did not err in overruling the appellants' motion for new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

. NOTE.—Reported in 31 N. E. (2d) 1022.