SHAFER *v.* SHAFER.

STATE EX REL. SHAFER *v.* STARKE CIRCUIT COURT ET AL.

[Nos. 27,551, 27,585. Filed November 3, 1941.]

*Lundin & Lundin,* of Knox, for appellant.

*William J. Reed* and *Paul E. Reed,* both of Knox, for appellee.

FANSLER, C. J.—Nelson C. Shafer and Edna Shafer were married in 1907, and lived together as husband and wife until 1928. In September of the latter year Edna Shafer brought suit for divorce from Nelson Shafer. In announcing the judgment in that case, the trial judge said that the decree of divorce would not be entered until the costs were paid; but, notwithstanding such announcement, and the fact that the costs were not paid, a judgment and decree of divorce were entered in September, 1928. Edna Shafer and Nelson C. Shafer did not live together until 1931, when Nelson C. Shafer told Edna Shafer that, because the costs had not been paid, the judgment of divorce had not become effective and binding, and that, for the sake of their children, they should resume living together as husband and wife; and it seems that the parties believed that the divorce was not effective, and they resumed living together in Starke County, Indiana, and continued living together until August, 1936; that they lived together openly and held each other out to be husband and wife. Some time prior to August, 1936, Nelson C. Shafer learned that, notwithstanding the court's announcement as to costs, a judgment had been entered divorcing him from Edna Shafer. He thereupon left Edna Shafer and no longer lived with her. In June, 1937, Nelson C. Shafer married Alice Shafer, and they lived together as husband and wife, and one child was born to them. In August, 1939, Alice Shafer filed suit for a separation *a mensa et thoro* from the defendant. The cause was submitted to the court, and there were special findings of facts and conclusions of law, and judgment for the plaintiff. The conclusions of law and judgment are in the following language:

"And upon the Finding of Facts the court concludes the law to be:

"I   That on the 18th day of June, 1937, the plaintiff and the defendant were legally married, which marriage relation has continued up to and including the present date.

"II   The Court concludes that the child, David Anthony Shafer, is a legal child of the plaintiff and the defendant and that the plaintiff herein should have the care and custody of said child, until further order of court.

"III   The court further concludes that the plaintiff should be and is granted a separation from bed and board as against the defendant, for a period of two years from this date and that the defendant should be and is required to pay into the office of the Clerk of the Starke Circuit Court, for the use of plaintiff and said child, until the further order of Court, the sum of $10.00 per week, beginning this date, and payable on Friday of each week thereafter; and that the defendant should pay into the Clerk's office of the Starke Circuit Court, the sum of $75.00 for the use and benefit of plaintiff's attorneys, within sixty days.

"IV   That the Court further concludes that the plaintiff should recover her costs herein.

· "The Court now renders judgment on its conclusions of law herein."

While the action of Alice Shafer was pending in the Starke Circuit Court, Edna Shafer began an action in that court, in which Nelson C. Shafer and Alice Shafer were made parties defendant, seeking a declaratory judgment declaring her to be the legal wife of Nelson C. Shafer.  This cause went on change of venue to the LaPorte Circuit Court, where it was tried a few

days after the termination of Alice Shafer's action. In this case Alice Shafer set up the judgment above referred to as a defense and bar to Edna Shafer's action. There was a trial, and judgment declaring Edna Shafer to be the legal wife of Nelson C. Shafer. Thereafter Alice Shafer filed an affidavit in the Starke Circuit Court, in the divorce action in which she had judgment against Nelson Shafer, alleging that he had failed to comply with the order of the court for the payment of $10 per week, and asking an order that he be required to appear and show cause why he should not be punished for contempt. The citation was issued. Nelson C. Shafer appeared and filed answers, by the first paragraph of which he asserted that no judgment or order had ever been entered, and by the second that in the action of Edna Shafer, in the LaPorte Circuit Court, the marriage of Nelson C. Shafer and Alice Shafer was found to be null and void. The third paragraph and replies we need not notice. There was a trial, and judgment that Nelson C. Shafer was in contempt for failure to make payments in the amount of $40, and there was an allowance of $50 for attorney fees for Alice Shafer, to be taxed as costs, and that Nelson C. Shafer be confined to the county jail until the $40 and costs were paid. Nelson C. Shafer filed a motion for a new trial, which was overruled, and the appeal from this ruling is cause No. 27551 in this court. The record and assignment of errors were filed on May 13, 1941.

On July 14, 1941, an original action, entitled "The State of Indiana, on Relation of Nelson C. Shafer vs The Starke Circuit Court and the Honorable William C. Pentecost, Judge of the Starke Circuit Court," was filed in this court. The facts above noticed and many additional facts are alleged in the petition. It is alleged

that, notwithstanding the appeal, the respondent is threatening to enforce the contempt judgment. It is contended that the judgments in the Alice Shafer case and the Edna Shafer case are in conflict, and that the rights of the parties under said judgments are fully presented by the appeal and should be determined in the appeal. Upon the filing of this petition, a temporary writ of prohibition issued. By the response, it was made to appear that the appeal merely stayed execution of the judgment in the contempt proceeding appealed from, and that the proceeding in which the respondent is seeking to enforce a contempt order was a new and further proceeding for further omissions to comply with the original judgment. Action was deferred until after the oral argument in the appeal.

We are not concerned with the correctness of the judgments in the Alice Shafer divorce case or the Edna Shafer declaratory judgment action. There was no appeal in either case.

The appellant contends that there is no final judgment in the Alice Shafer divorce case; that the statement: "The Court now renders judgment on its conclusions of law herein," should have gone further and set out the terms of the judgment. Section 2-2102, Burns' 1933, § 360, Baldwin's 1934, provides that where special findings of facts and conclusions of law are requested, "the court shall first state the facts in writing, and then the conclusions of law upon them, and judgment shall be entered accordingly." Section 2-2517, Burns' 1933, § 389, Baldwin's 1934, provides: "The judgment must be entered on the order-book, and specify clearly the relief granted or other determination of the action." It is said in Freeman on Judgments, 5th Ed., Vol. 1, § 69, p. 121: "Whatever may have been requisite formerly, it is

evident that the sufficiency of the writing claimed to be a judgment must, at least under the code, be tested by its substance rather than by its form. If it corresponds with the definition of a judgment as established by the code; if it appears to have been intended by some competent tribunal as the determination of the rights of the parties to an action, and shows in intelligible language the relief granted,—its claim to confidence will not be lessened by a want of technical form, nor by the absence of language commonly deemed especially appropriate to formal judicial records." Substantially the same views have been expressed by all of the authorities that have come to our attention. It is true that in the record before us the statement that the court "now renders judgment on its conclusions of law," is insufficient to disclose the relief intended without aid of the statements contained in the conclusions. But all of the language is part of the judgment-roll signed by the judge, and it was clearly intended as a final judgment determining the rights of the parties. The intention of the court to enter the judgment and the character of relief granted are clearly and unmistakably discernible. We conclude that the judgment conforms to the reasonable and practical rule above quoted, and that it is a sufficient and final judgment.

The appellant says that he cannot lawfully have two wives; that the first judgment is predicated upon the conclusion and adjudication of the fact that Alice Shafer is his lawful wife, and the second judgment, to which Alice Shafer is a party, determines that Edna Shafer is his wife; that the judgments are inconsistent, and that the latter judgment must prevail, and that therefore the first judgment is void and of no effect.

It may be readily agreed that the appellant cannot lawfully have two wives, and that the declaratory judg-

ment in Edna Shafer's action, to which both the appellant and Alice Shafer were parties, is conclusive that Edna Shafer, and not Alice Shafer, is his lawful wife. But it does not necessarily follow as a consequence that the first judgment is a nullity in every respect. He might have defended that action by denying that Alice Shafer was his wife, but he failed, or did not choose, to do so.

If a merchant had procured a money judgment against Nelson C. Shafer in an action upon an account for necessities furnished to Alice Shafer and her child, in which it was alleged that she was the wife, and the child was the child, of Nelson C. Shafer, and he made no defense that she was not his wife, and that the child was not his child, but suffered judgment to be had upon that theory, and another merchant procured a money judgment against him in an action upon an account for necessities furnished to Edna Shafer and her children, in which it was alleged that she was the wife, and her children were the children, of Nelson C. Shafer, and he suffered judgment to be had against him in that action without defending upon the ground that she was not his wife and the children were not his children, and both judgments were unappealed from, no reason can be seen why both judgments would not be enforceable, notwithstanding public policy and the law do not permit him to have two wives.

In the action by Edna Shafer against Nelson C. Shafer and Alice Shafer, Edna Shafer had the right to assert that Alice Shafer was not the wife of Nelson C. Shafer, since Edna Shafer was not a party to the first action. The declaratory judgment therefore operates to defeat the first judgment in so far as it determines that Alice Shafer and Nelson C. Shafer are husband and wife, only because Edna

Shafer had the right to challenge its effect, and not because Nelson C. Shafer might question its conclusiveness. But otherwise the judgment of Alice Shafer invades no right of Edna Shafer. She could not defend an action seeking a money judgment against her husband in her own right, and even though his wife she would not be a necessary party to such an action. If Alice Shafer had concluded that she was not the wife of Nelson C. Shafer she might have prosecuted a bastardy proceeding and recovered a money judgment, which would be binding upon Nelson C. Shafer notwithstanding Edna Shafer was his legal wife. The provisions of the judgment of Alice Shafer, concerning the enforcement of which Nelson C. Shafer complains, involve only the payment of money upon penalty of confinement for failure to pay. It is true that the judgment is based upon the assumption that Alice Shafer is his wife, and that her child is his legitimate child, and that the money judgment is for the use of "plaintiff and said child." But he was before the court, and permitted the court to be under the impression that the conclusion was correct, and the judgment is unappealed from, and he cannot complain now, or prevent execution of the judgment, upon grounds that he might have asserted at the trial.

The judgment in the appealed case is affirmed.

It follows that the temporary writ of prohibition heretofore issued in the original action should be, and it is hereby, dissolved.

NOTE.—Reported in 37 N. E. (2d) 69.