GAY'S JEWELRY, INC. ET AL. *v.* GOLDBERG.
[No. 19,089. Filed March 11, 1959.]

*Homer D. Smith* and *Clifford H. Maschmeyer,* both of Jeffersonville, for appellants.

*Albert Meranda,* of Jeffersonville, for appellee.

Ax, J.—This is an action brought by appellee against the appellants to recover the sum of $2,500 allegedly loaned by the appellee to a partnership business conducted by Jack Fine and Morris Nussbaum, partners, doing business under the name of "The Fine Store," based upon an assignment of interest in the partnership by Jack Fine to his wife, Sarah Fine, and the subsequent purchase of the partnership business by Gay's Jewelry, Inc.

The issues presented by the appeal were formed by the second paragraph of amended complaint filed by appellee which alleges that appellee loaned a total of $2,500 to a partnership business operated by Jack Fine and Morris Nussbaum, known as The Fine Store; the subsequent assignment by Jack Fine of his interest in and to the partnership liabilities; and, thereafter, the purchase by Gay's Jewelry, Inc., of all of the partnership assets and its assumption of the partnership liabilities.

This cause was brought to issue by the answer of the appellants (defendants below) alleging they were without information to part of the material allegations and denying the other essential allegations.

The cause was thereafter submitted to the Court for trial without a jury, and after hearing evidence, the Court entered judgment for the appellee finding that he should "have and receive of and from the said defendants (appellants) the sum of $2,500 together with his costs and charges laid out and expended."

Thereafter, appellants filed their motion for a new trial, which motion, omitting the caption and signature thereto, is as follows:

"The defendants in the above entitled cause respectfully move for a new trial herein on each of the following grounds:

(1) The decision of the Court is not sustained by sufficient evidence.
(2) The decision of the Court is contrary to law.
(3) The decision of the Court is not sustained by sufficient evidence and is contrary to law."

Appellants' motion for a new trial was overruled.

The sole question presented on this appeal is whether or not the Court erred in overruling appellants' motion for a new trial.

The condensed evidence in this case is as follows:

Jack Fine and Morris Nussbaum, neither of whom were made parties defendant in this cause were, in the years 1948 and 1949, partners, doing business under the firm name and style of The Fine Store. On or about the 9th day of November, 1948, appellee, who was the husband of Jack Fine's sister, loaned to the said Jack Fine the sum of $2,000 by check made payable to Jack Fine. This check was endorsed by Jack Fine and was deposited by him into the account of The Fine Store by endorsement of the said store on the back of said check. The record books of account of said store indicate that Jack Fine was credited with a capital investment of $2,000.

On or about the same day that Jack Fine invested the sum of $2,000 in the capital account of The Fine Store, Morris Nussbaum, who was the only partner of Jack Fine in The Fine Store, contributed considerably more than $2,000, which was credited as a capital investment of the said Morris Nussbaum.

Thereafter, on or about March 5, 1949, appellee loaned to the said Jack Fine an additional sum of $500, by check made payable to Jack Fine, which likewise was endorsed by Jack Fine and then was endorsed by The Fine Store and deposited to the account of The Fine Store, and on the books of said partnership Jack Fine was credited with an additional capital investment of the sum of $500.

The evidence further discloses that prior to the 14th day of September and after the said Jack Fine had received the above mentioned total of $2,500 from the appellee, the said Jack Fine mailed to the appellee five postdated checks drawn on the account of The Fine Store and made payable to the appellee in the total amount of $2,500 —that appellee did not either attempt to hold or cash said checks, but returned same immediately by mailing back to Jack Fine. The evidence further discloses that the envelope returning said checks, addressed personally to Jack Fine, was returned to appellee unopened and undelivered, and that no attempt was made by the appellee subsequently thereto to cash said checks.

The evidence further discloses that on or about the 14th day of September, 1949, as a result of domestic difficulties between Jack Fine and his wife, Sarah Fine, subsequently leading to a separation and divorce, the said Jack Fine assigned, in writing, all of his interest in the partnership business of The Fine Store to his then wife, Sarah Fine, one of the appellants, but said assignment is silent as to the assumption by her of any obligations and liabilities of Jack Fine or of The Fine Store. The written assignment was approved and concurred in by Morris Nussbaum as the continuing partner.

There was no ratification by Sarah Fine of the appellee's claim as a partnership obligation and no evidence of a promise by Sarah Fine to pay the obligation owed by Jack Fine to the appellee.

The evidence further discloses that Jack Fine borrowed the said sum of $2,500 from the appellee without the knowledge or consent of his partner, Morris Nussbaum, and that there was no ratification by Morris Nussbaum of the debt as a partnership liability, and no subsequent promise on the part of Morris Nussbaum to pay the sum of $2,500, or any part thereof, borrowed from appellee by Jack Fine.

That the appellant, Gay's Jewelry, Inc., is a corporation formed in October of 1949 which took over all of the assets and liabilities of an individually owned jewelry business operated by Morris Nussbaum in the city of Jeffersonville, Indiana, a business owned and operated by Morris Nussbaum in Charlestown, Indiana, and the partnership of The Fine Store, then owned and operated by Sarah Fine and Morris Nussbaum as partners.

Other than the purchase of the partnership business owned and operated by the appellant, Sarah Fine, and her brother, Morris Nussbaum, the evidence fails to establish the assumption by Gay's Jewelry, Inc., of the debt owed to appellee by Jack Fine. Nor is there any proof of a promise on the part of Gay's Jewelry, Inc., by and through its duly authorized officers and agents to pay said debt.

The main contention of appellants is that even

though the money borrowed from appellee by Jack Fine was used in the partnership business of The Fine Store, nevertheless, the transaction between appellee and Jack Fine was strictly personal and was not an obligation of the partnership, but an individual personal obligation of the said Jack Fine.

The appellee contends that—

(1) The debt of Jack Fine to the appellee, Murray Goldberg, for the money loaned by appellee was a debt of the original partnership since the entire proceeds of the loan were deposited directly into the account of the partnership.

(2) When the appellant, Sarah Fine, acquired the interest of her husband, Jack Fine, in the partnership operating The Fine Store, even though the written assignment of partnership interest was silent, the new partnership, which continued operating The Fine Store, assumed the debts of the former partnership. Appellee cites the following statutory law as controlling: §50-441, Burns' 1951 Replacement: "When any new partner is admitted into an existing partnership, or when any partner retires and assigns (or the representative of the deceased partner assigns) his rights in partnership property to two (2) or more of the partners, or to one (1) or more of the partners and one (1) or more third persons, if the business is continued without liquidation of the partnership affairs, creditors of the first or dissolved partnership are also creditors of the partnership so continuing the business."

(3) That when the new or continuing partnership was subsequently taken over by the appellant, Gay's Jewelry, Inc., under an agreement to take all of the assets and assume all of the liabilities of said partnership, said appellant, Gay's Jewelry, Inc., became liable for the debts of the original partnership of Jack Fine and Morris Nussbaum doing business as The Fine Store.

Appellants contend that the loan of money by appellee to Jack Fine on his individual credit is not a liability of the partnership. Consequently, if this contention of appellants is to prevail, it would refute the first contention of appellee and both the second and third contentions of appellee would be of no consequence to the decision in this case. Also, the above referred to §50-441, Burns' 1951 Replacement, cited by appellee would have no application in the case at bar, for the reason that it is a section of the Uniform Partnership Act that became effective on January 1, 1950, and the assignment of partnership interests in this case happened prior to that date, namely in September and October of 1949.

The evidence in this cause most favorable to the appellee, together with all favorable inferences to be drawn therefrom, indisputably shows that the money loaned to Jack Fine was on the individual credit of Jack Fine, and not on the credit of the partnership, as the appellee states forthrightly that he did not know the name of the store operated by the partners; that the loan was made to Jack Fine solely because Jack Fine was appellee's wife's brother, and that he would not loan it to a stranger, it had to be somebody in the family that he could trust. Even though the money was borrowed for the business operated by Jack Fine and Morris Nussbaum, under the name of The Fine Store, and was used to discharge bills of said business due for merchandise, such facts do not make the appellee a creditor of the firm. In connection with this theory of the case, the following references are cited: *Ravold, et al.* v. *Fred Beers, Inc.* (1933), 151 Misc. 628, 270 N. Y. S. 894; 40 Am. Jur., Partnerships, §160, p. 243; *Bird* v. *Lanius* (1856), 7 Ind. 615.

The following excerpt is quoted from the case of *Ravold, et al.* v. *Fred Beers, Inc., supra:*

"I think that the correct rule was stated and applied in *National Bank of Salem* v. *Thomas,* 47 N. Y. 15, to the effect that, where money is loaned upon the note of one of the partners and upon his individual credit, the fact that the money was applied to a partnership indebtedness, does not make the lender a creditor of the firm; and that it is only where the name used and to which the credit is given is that adopted by the firm and used to designate the partnership, that it is held liable.

The question, therefore, in each case, is whether the loan is made and credit extended to the partnership or to the individual partner, and therefore, whether in obtaining the loan the partner is acting as an individual or as an agent for the partnership."

See also: 40 Am. Jur., Partnerships, §160, p. 243:

"Contracts on Partner's Own Exclusive Credit. —A partner is liable alone on all contracts made by himself on his own exclusive credit. If money is borrowed or goods bought or any other contract is made by one partner upon his own exclusive credit, he alone is liable therefore, and the partnership, although the money, property, or other contract is for its proper use and benefit or is applied thereto, will in no manner be liable therefor."

In the case of *Bird* v. *Lanius, supra,* on page 620, the Court states the following:

"The defendants ask the Court to charge the jury that if money is borrowed, or goods bought, or any other contract made by one partner upon his own exclusive credit, he alone is liable therefor, and the partnership, although the money, property, or other contract, is for their proper use and benefit or is applied thereto, will in no manner be liable therefor . . . The instruction stated the law correctly."

We are of the opinion, therefore, that the above

citations state the applicable law in Indiana. Consequently, since we hold that the debt of Jack Fine to the appellee was a personal debt and was not a debt of the partnership, the subsequent acquisition by the appellant, Sarah Fine, of the partnership assets, even if she had assumed the liabilities of the partnership, would be immaterial since this was not a debt of the partnership. The same reasoning would apply to the acquisition of the business and partnership by the appellant, Gay's Jewelry, Inc., there being no partnership or business liability to the appellee for that appellant to assume.

Judgment reversed.

NOTE.—Reported in 156 N. E. 2d 637.