William R. Brennan, Jr., J.
In this action a real estate broker seeks to recover $7,000 in commissions from the defendants, husband and wife, former owners of real property by the *449 entirety, on the theory that he produced a purchaser ready, able and willing to purchase the property upon terms fixed by the sellers. The husband has defaulted in appearance at trial and prior to trial his attorney was granted leave to withdraw from further representation of said defendant. As to him the trial has constituted an inquest. The wife has contested the action through her own attorney. She claims that she never authorized the proposed sale which the plaintiff claims to have negotiated with her husband; that her husband had no authority to act for her in connection with any sale; and that she never ratified the deal which the plaintiff ultimately solicited.
In January of 1961, the husband and wife were judicially separated. At the time they owned real property in Boslyn as tenants by the entirety and it was understood that the said property would be sold and the proceeds divided between them. The plaintiff, a duly licensed real estate broker, engaged in negotiations with the husband in June of 1961. He knew that the property was owned by the entirety and that there was a matrimonial problem involved. He never spoke to the wife. He testified that he was authorized by the husband to sell the property for a price that would yield $135,000 net to the sellers. On or about June 19, 1961 the plaintiff brought to the husband a check made out to both the husband and the wife in the sum of $1,000 from a prospective purchaser which recited that it constituted a deposit subject to formal contract for a purchase price of $142,000 in cash. The check also recited that it was “ Subject to village approval of plans of Builder for apartments on site. Offer cancellable within one week from date unless accepted.” The plaintiff testified that the husband expressed satisfaction with the deal and requested him to take the check to an attorney who was the attorney for the wife in the matrimonial litigation and since. The wife never approved the transaction and the deal with the purchaser produced by the plaintiff was not consummated.
The court finds that, the husband had no authority to make or approve a contract in behalf of the wife. “ No agency is to be implied as between husband and wife from the mere fact of marriage.” (Moses v. Carver, 164 Misc. 204, 211, affd. 254 App. Div. 402; Garber v. Spivak, 114 N. Y. S. 762.) It is also found that the plaintiff was on notice as to the situation and that he proceeded at his peril in conducting negotiations upon terms not previously expressly authorized by the wife. The court further finds that the wife was interested in an unconditional sale and that the reason for her rejection of the proposal submitted by the plaintiff was that it was conditioned upon village *450 approval of plans of the builder for apartments. Under these circumstances, there is obviously no right of recovery against the wife. (Cf. Hayden v. Post, 12 Misc. 204; Santoro v. Henry, 114 N. Y. S. 2d 719; Siegler v. Bischof, 53 N. Y. S. 2d 657; Goldstein v. Siegel, 80 N. Y. S. 2d 598 — all actions in which specific performance or damages were denied to prospective purchasers under similar circumstances.)
The more difficult question in the case is whether or not the plaintiff is entitled to a recovery against the defaulting defendant. Had this been a transaction in which the said defendant had engaged to sell only his own interest in the property, there would be no question as to the plaintiff’s right to recover against him. (Cf. Panning v. Maggi, 127 N. Y. S. 2d 152, affd. 282 App. Div. 1067.) The plaintiff broker, however, was not engaged to sell only the husband’s interest, but the interest of both husband and wife. That the plaintiff had no misunderstanding on the subject is evidenced by the fact that the check constituting the offer is made payable to both husband and wife. This engagement, moreover, was made by the husband alone, and in the very nature of the transaction had to be conditional upon the wife’s joining with the husband in employing the broker. There is no testimony in the record from which this fact can be inferred. Consequently, the broker was never fully employed, and he cannot succeed even as against the defaulting defendant. The complaint must, therefore, be dismissed as to both defendants.