John M. Keane, S.
When a woman is joined in matrimony to her betrothed, she gains many privileges and assumes many responsibilities. The area of responsibilities is wide ranging and encompasses those of a physical, moral and legal nature. Under legal responsibility, does she become jointly and severally liable with her husband for payment of premiums on fire and liability insurance policies which he has ordered to cover premises owned by them as tenants by the entirety?
Evelyn G. Morgart predeceased her husband, David A. Morgart, who was named administrator of her estate. C. A. Hill & Son, the insurance brokers who sold fire and liability policies covering a store, the residence and a farm owned by the Morgarts as tenants by the entirety, have filed a claim in her estate for unpaid premiums. The claim was rejected by the administrator and a hearing was held to determine its validity.
The insurance agency was an unincorporated entity. One of the brokers was sworn as a witness in this proceeding concerning the claim. Under CPLR 4518 he offered in evidence memoranda of policies which contained the name of the decedent as an insured. Objection was' made that no proper foundation had been made for their admission. Objection was further made under CPLR 4519 that claimant was not competent to *707 testify indirectly as to transactions concerning which he could not testify directly. Decision was reserved on the objections and the claimant was permitted to testify.
David A. Morgart operated a grocery store and frozen food locker in the village of Whitney Point. The store, home and farm were all owned by them as tenants by the entirety. The insurance broker had no personal dealings with the decedent, Evelyn GL Morgart. All transactions were with her husband.
David A. Morgart testified that he had purchased various types of insurance from this agency over a period of years. In the early 1960’s he experienced financial difficulties and was delinquent in the payment of his insurance account. The brief of counsel for the insurance broker stated that in January, 1964, an action was instituted by the broker against David A. Morgart and Evelyn Gr. Morgart for the premium balance due. The brief further stated that appearances were made and a complaint, answer and amended answer were filed. None of these instruments were introduced in evidence. None were filed in Broome County Clerk’s office.
Shortly thereafter David A. Morgart filed a petition in bankruptcy and included the claim of the insurance broker among his creditors. Along with his other debts, this debt was discharged in the bankruptcy proceeding.
Evelyn G-. Morgart subsequently died on November 17, 1965. The insurance broker filed the present claim with the administrator of the estate, who has rejected it.
Significantly, the insurance broker had no dealings with the decedent. This claim can be sustained only if decedent’s husband had authority to bind her for the full payment of all insurance policies which he ordered. The insurance broker contends that unless his claim is upheld business practices in the sale of such policies would become very unsettled.
The court is aware that frequently third parties, such as real estate brokers, attorneys and mortgage officers, call insurance brokers to order fire and liability insurance for property not their own. Since the premiums are usually paid, no question arises concerning the authority of the person to place the order. Nor does any question arise concerning the liability for payment. The claimant stresses that the wife was a named insured on most of these policies. Unless her husband had authority to make her liable as a party, the inclusion of her name on the policies has no significance to this court.
Marriage alone does not create an agency sufficient for the husband to bind the wife. (Falk v. Krumm, 39 Misc. 2d 448 [1963], affd. 22 A D 2d 911 [1964].) Nor does joint ownership *708 evidenced by tenancy by the entirety create such a right under agency law. (Baker v. Westfall, 219 N. Y. S. 2d 328 [1961].) _
_ No evidence was submitted to show special reasons why in this instance the husband would have the right to bind his wife. For example, there was no evidence that the husband and wife were engaged in the business together. It appears to the court that we have this situation. A small businessman had been a customer for many years with a certain insurance broker. It also happened that his business property, his home and his farm were owned jointly with his wife. Then, financial reverses occurred and he was unable to pay his debts as they matured. He sought relief in the bankruptcy courts. Undoubtedly the insurance broker was not the only creditor whose debt was discharged in bankruptcy.
Even assuming that the evidence submitted where admissible, it does not seem to this court that such evidence is sufficient to impose the complete liability for payment of the fire and liability insurance premiums upon the estate of the decedent. Although she was named as an insured in some of the policies, there was no testimony that she ever became a party to the policies. The insurance broker attempted to show that she was aware of the policies because a claim had been collected at one time for a loss. This is not unequivocal evidence that she was a party to the various contracts. The policies, as ordered by her husband, could well cover such a loss that was reimbursed.
Returning to the objections made to the admission of the memoranda, the court now sustains the objections. The testimony did not indicate who prepared the memoranda. If the claimant kept the records, Matter of Mulderig (196 Misc. 527 [1949]) supports the exclusion of the memoranda. (See, also, Eby v. Grieves, 153 Misc. 428 [1934].) If someone else kept the records, they would be competent to testify to their authenticity. Since the claimant was the only witness testifying about the records, the court has assumed he kept them.
Finally, claimant contends that his claim should be allowed on a basis'of quantum meruit. Based on the admissible evidence offered, the court has no facts upon which a meaningful value could be placed on any possible obligation of the decedent. Lacking such proof, any determination of the value of services for which the decedent incurred liability would be speculative.
The claim of C. A. Hill & Son is dismissed, without costs.