OGALLALA FERTILIZER COMPANY, APPELLANT, V. MARCIA
H. SALSBERY, APPELLEE.

184 N. W. 2d 729

Filed March 12, 1971. No. 37694.

Frank B. Svoboda, for appellant.

Baskins, Baskins & Schneider, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action on an account brought against Marcia H. Salsbery, the surviving member of an alleged partnership. Summary judgment was entered for the defendant. We affirm the judgment of the district court.

Herbert and Marcia H. Salsbery were husband and wife. Marcia owned a quarter section of land adjoining another quarter owned by her father. They resided on the quarter owned by Marcia and farmed both quarters. A joint bank account was maintained in which the farm proceeds were deposited and upon which both wrote checks for farm and personal bills, including mortgage indebtedness on Marcia's land. Marcia signed, as guarantor, a $37,400 note of her husband to a bank and they were jointly liable on a second note of $4,459.92. Herbert Salsbery died in the fall of 1967.

Herbert arranged for the purchase of fertilizer on

credit from plaintiff. The fertilizer was charged to Herbert Salsbery and was delivered to, and used at, the farm during the year 1967. Defendant at times called plaintiff to ask for delivery of portions of the fertilizer and was consequently aware of its purchase, delivery, and use. Defendant conceded that she shared in farm profits and losses. There is no direct evidence of the actual understanding or arrangement between husband and wife.

The purchase, delivery, and use of the fertilizer, as above outlined, and the amount due are not disputed. Plaintiff's petition alleges the insolvency of the estate of Herbert Salsbery, deceased, and the absence of any partnership property. Questions presented in regard to the propriety of the entry of summary judgment necessarily include the existence of a partnership, as distinguished from an ordinary husband and wife relationship, and the liability of the alleged partnership for the indebtedness.

Were Herbert and Marcia H. Salsbery partners in their farming operations? As husband and wife, they, like many other farm couples, could have well maintained a joint checking account upon which they both drew to pay farm and personal bills and in which the farm income was deposited. In this sense, both would share in the profits or losses from the farming enterprise as do business partners. Yet this, being a quite usual marital arrangement, standing alone, is insufficient to establish a partnership, it being quite consonant with a husband's duty to support his wife, and a wife's duty as a helpmate. There were other factors present in this instance. The wife owned the land on which they lived and which comprised part of the land farmed. There is no indication of the existence of a landlord and tenant relationship. In addition, land belonging to Marcia's father was included in the farm operation. Presumably this was rented but the record is barren of any evidence in that regard. In any event, this land too comprised a

part of the farm operation and is not shown to have been a separate and distinct undertaking on the part of Herbert in which Marcia did not share. The fact that Marcia signed notes with her husband is not conclusive either way without further explanation of the circumstances. It is also apparent that in her deposition defendant carefully avoided and, in fact, refused to give any details of the understanding or arrangement existing between her and her husband. Ownership of the farm machinery and equipment and its disposition is not disclosed by this record. The same is true of crops raised in 1967. Presumably the bank holding a security interest in some, or all, of this property had a voice in such matters, but whether this property was handled through or outside the estate of Herbert Salsbery, deceased, does not appear. Under the circumstances we find that a fact question is presented relative to the existence or nonexistence of a partnership.

George Olson, a partner in the plaintiff firm, stated he dealt with Herb Salsbery, extended credit to him, charged the fertilizer to him, and after his death, filed a claim for the amount due against his estate. This raises a strong presumption that plaintiff dealt with Herbert Salsbery individually and not as a partner. Under such circumstances, the partnership is not ordinarily liable even though it benefited by the fertilizer purchase. "Benefit to the firm is generally held insufficient basis on which to predicate firm liability for a transaction entered into by a partner in his individual capacity." 68 C. J. S., Partnership, § 146 b, p. 581. See, also, Gay's Jewelry, Inc. v. Goldberg, 129 Ind. App. 356, 156 N. E. 2d 637; Perkins v. Butler County, 44 Neb. 110, 62 N. W. 308; Blue Valley State Bank v. Milburn, 120 Neb. 421, 232 N. W. 777; Meyer v. Linch, 145 Neb. 1, 15 N. W. 2d 317.

One contradictory fact in evidence is that plaintiff, in extending credit, relied on Marcia's ownership of the one farm or quarter. This factor renders it clear

that at the time of entering into the transaction, plaintiff was aware not only that Herbert was operating the farm but also that it was partially owned by Marcia. In other words, plaintiff was then aware of the existence of the same facts upon which it now claims that a partnership existed. "Where the partners are disclosed and known to a party contracting, and the contract is signed by only one partner who contracts in his own behalf, the other partners are not bound thereby." 68 C. J. S., Partnership, § 146 a, p. 581. See, also, First State Bank of Riesel v. Dyer, 151 Tex. 650, 254 S. W. 2d 92; Alaska Pac. Salmon Co. v. Matthewson, 3 Wash. 2d 560, 101 P. 2d 606; Nelson v. Seaboard Surety Co., 269 F. 2d 882.

It is evident that the credit was extended to Herbert individually and plaintiff could not now hold Marcia on this indebtedness unless it appeared that Herbert was the managing partner and the partners conducted all business in his name. This, plaintiff does not contend. No such allegation is made in its petition or substantiated. Under the circumstances, it appears that there was no issue of fact remaining on the question of defendant's liability. The summary judgment entry was correct.

Plaintiff contends an abuse of discretion occurred when the trial court denied it the privilege of filing a second amended petition. At this time the motion for summary judgment had been heard, submitted, and taken under advisement. The amended petition proffered sought to change the cause of action to one for unjust enrichment. In this respect, it failed as it did not allege facts sufficient to constitute a cause of action. It states, in substance, that the proceeds of the crop upon which the fertilizer was used were applied to the payment of the notes upon which defendant was a guarantor or jointly liable with her husband. It is not alleged that the money was used in payment of defendant's debts as distinguished from her husbands and unless this be true, it is difficult to understand how she could have

profited. Plaintiff's account is for the sale of fertilizer. For defendant to have profited from the use of the fertilizer, she would have had to obtain the crops upon which it was used. The record discloses that Herbert Salsbery's estate was administered and was insolvent. The administrator must necessarily have applied the proceeds of the crops to the indebtedness of the estate, to the exclusion of defendant. The most defendant could have received was a reduction of her secondary liability on the larger note. Had the estate paid the smaller joint note, it would have had a valid claim against defendant for one-half of the sum paid. It is apparent that defendant was not enriched at plaintiff's expense and could not have received money or credits to which plaintiff was entitled. Denial of the right to file an amended pleading not tending to promote the interests of justice is not an abuse of discretion. See McCarty v. Morrow, 173 Neb. 643, 114 N. W. 2d 512.

The judgment of the district court is free from error and is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.