**Andrew T. ZACK, Defendant-Appellant,**

v.

**Lila SMITH, Plaintiff-Appellee,**

**Joyce Zack, Defendant-Appellee.**

**No. 1–481A145.**

Court of Appeals of Indiana,
First District.

Jan. 12, 1982.

Barbara B. Benson, Berry, Bridges, Benson & Benson, Bloomington, for appellant.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant Andrew T. Zack (Andrew) appeals from a judgment entered in the Morgan Circuit Court in favor of plaintiff-appellee Lila Smith (Smith) upon her complaint for money loaned Andrew. Specifically, he is appealing the trial court's ruling as to Count II of Smith's [1] complaint, wherein it was ordered that Andrew alone pay $10,000 with interest to Smith.

We affirm.

1. No appellee's brief was filed on this appeal; however, we elect to decide the case on its

## STATEMENT OF THE FACTS

On March 14, 1975, Smith loaned Andrew $10,000. Smith endorsed the back of a check drawn from her Morris Plan account and personally handed the check for $10,000 to Andrew who then endorsed and deposited the check into his own bank account. No promissory note was executed to secure the loan because Smith had known Andrew as a friend and business associate for fifteen years and figured the record of the check together with Andrew's word would be as good as a promissory note. Andrew used the loan money to purchase three commercial properties. Andrew testified he offered Smith a part interest in one of his Joy Store businesses as payment for the loan. Andrew orally had agreed to pay off the loan by 1980 or upon demand; furthermore, he had agreed to pay Smith for interest charges she incurred in borrowing the loan money. Andrew failed to pay back the loan after Smith demanded that he do so.

## ISSUE

Andrew raises the following issue on appeal:

Whether the court's judgment was unsupported by sufficient evidence and was contrary to the evidence submitted on the issue of joint liability of the defendants [Andrew T. Zack and Joyce Zack] on the $10,000 loan?

## DISCUSSION AND DECISION

Andrew's sole contention is that he *and his wife* share joint liability on the $10,000 debt because the evidence indicates the loan benefited a business in which both he *and his wife* were involved. As authority, Andrew cites *Mooney-Mueller-Ward, Inc. v. Woods*, (1978) Ind.App., 371 N.E.2d 400.

In determining the sufficiency of the evidence, the Court of Appeals may consider only such evidence and reasonable inferences therefrom which would support the trial court's judgment, and if there is any probative evidence to support the trial

merits rather than invoke the prima facie rule for failure to file an appellee's brief.

court's decision, it is the duty of this court to affirm. *Field v. Area Plan Commission of Grant County, Ind.*, (1981) Ind.App., 421 N.E.2d 1132.

In *Woods, supra*, a husband and wife signed a drug-store lease containing a renewal provision which allowed the landlord upon expiration of the lease to treat hold-over tenants as continuing their tenancy under the terms of the expired lease. The focal issue concerned whether or not there was a partnership agreement between the husband and wife which, if found, would make the wife legally liable for the debts of the business. This court, in noting there was conflicting evidence of a partnership, stated that it could not weigh the evidence, but only look at the evidence in a light most favorable to the judgment. Consequently, the court, in *Woods*, upheld the trial court's judgment finding that no partnership existed between the husband and wife.

■ A wife has been held not liable on contracts entered into by her husband with third persons. *Ogallala Fertilizer Company v. Salsbery*, (1971) 186 Neb. 537, 184 N.W.2d 729; *In re Estate of Morgart*, (1967) 279 N.Y.S.2d 546, 53 Misc.2d 705. Additionally, a wife is not liable on a contract made in her name by her husband without authority as her agent. 41 C.J.S. Husband And Wife § 44 (Supp.1979). A benefit to a firm or partnership is generally an insufficient basis on which to predicate firm liability for a transaction entered into by one partner in his individual capacity. *Salsbery, supra.*

■ In Indiana, it has been held that neither a wife nor her property is liable for the individual debts of her husband. *Studebaker Brothers Manufacturing Company v. DeMoss*, (1916) 62 Ind.App. 635, 113 N.E. 417. Furthermore, a wife is not a "necessary party" to an action seeking a money judgment against her husband. *Shafer v. Shafer*, (1941) 219 Ind. 97, 37 N.E.2d 69. In *Michalik v. Pazdur*, (1938) 105 Ind.App. 325, 13 N.E.2d 870, the court in reversing a judgment against a wife and husband for money loaned to the husband, stated there was insufficient evidence any money was loaned to the wife or that she received any

of it, or that the loans were made to the husband on her credit.

In the case at bar, the evidence shows that Smith personally loaned Andrew $10,000 without a written note. Thereafter Andrew endorsed the check with his signature alone and deposited the $10,000 into his own bank account. The loan was exclusively to Andrew regardless of how he may have used the proceeds or how the proceeds may have benefited his wife. Smith unsuccessfully demanded payment of the loan from Andrew and Smith testified she did not obtain a promissory note from Andrew because his word was good enough. Andrew testified Smith offered him the $10,000 and he took that money to buy three commercial properties.

■ While there is evidence that Andrew's wife knew of the loan to her husband, the trial court weighed all the evidence and concluded that Andrew alone was liable for the $10,000 loan with interest. Besides, as stated in *Salsbery, supra*, a benefit to a partnership is not, by itself, sufficient reason to hold all partners liable for the debts of one partner in his individual capacity. Clearly Andrew incurred this debt in his individual capacity. Therefore, we are of the opinion sufficient evidence of probative value supports the judgment of the trial court.

Judgment affirmed.

ROBERTSON, J., and RATLIFF, P. J., concur.