Arthur R. BRADFORD and Alice A. Bradford, Appellants,

v.

BENTONVILLE FARM SUPPLY, INC., Appellee.

No. 89A01–8610–CV–00290.

Court of Appeals of Indiana, First District.

July 30, 1987.

P. Thomas Snow, Klinge & Snow, Richmond, for appellants.

Allen Demkovich, Himelick Smith & Demkovich, Connersville, for appellee.

ROBERTSON, Judge.

Arthur Bradford and Alice Bradford appeal the trial court's judgment against Alice Bradford in favor of Bentonville Farm Supply, Inc. (Bentonville).

We are presented with a single issue: whether there was sufficient evidence that the Bradfords conducted a joint enterprise on their farm, making Alice liable for debts incurred in Arthur's name only.

Arthur and Alice Bradford owned farmland on which they raised hogs and grew crops. Sometime in 1973, Bentonville began an open account in the name of Arthur Bradford. Bentonville sold feed, fertilizer and chemicals for use on the Bradford's farm, which consisted of 80 acres which husband and wife owned jointly. The chemicals and fertilizer purchased from Bentonville were applied to crops, mostly corn, which was used entirely as feed for the hogs. In turn, the proceeds from the sale of hogs were deposited to the Bradford's joint checking account and were used in part for groceries and Christmas presents. Payments on the open account were made either in cash or by check drawn on the joint Bradford checking account.

Since 1973, Bentonville estimated that Alice telephoned orders for feed and picked up feed from Bentonville about "half the time." Bentonville's president, Robert Miller, recalled that Alice was present with her husband when Bentonville employees were applying chemicals, although he was not certain that Alice ever directed the placement of the chemicals. He also testified that Bentonville customarily maintains the accounts in the name of the husband only; the record does not disclose whether Alice or Arthur, or both, arranged with Bentonville to carry an open account. Miller testified that within the three years prior to trial, Arthur had "bragged" that Alice raised the hogs and handled the hog operation of the farm herself. The Bradfords disputed this fact, testifying that Alice's running of their hog operation ended in 1972 or 1973, before the account was opened. Alice acknowledged that she still kept the books for the farm, together with Arthur.

The trial court gave Bentonville a judgment on its complaint on the open account against Alice and Arthur Bradford.

A wife is not liable on contracts entered into by her husband with third persons. *Zack v. Smith* (1982), Ind.App., 429 N.E.2d 983; *Ogallala Fertilizer Co. v. Salsbery* (1971), 186 Neb. 537, 184 N.W.2d 729. Accordingly, neither a wife nor her property is liable for the individual debts of her husband. *Studebaker Bros. Manufacturing Co. v. DeMoss* (1916), 62 Ind.App. 635, 113 N.E. 417. Marriage does not in itself create an agency relationship between spouses; however, the marital relationship is one of the facts and circumstances to be considered in determining the existence of an agency relationship. *Moehlenkamp v. Shatz* (1979), Ind.App., 396 N.E.2d 433. To establish the relation of agency between husband and wife, the evidence must be clear and satisfactory and sufficiently strong to explain and remove the equivocal character the wife is placed in by reason of the marital relation. *Bayes v. Isenberg* (1981), Ind.App., 429 N.E.2d 654; *Idlewine v. Madison County Bank and Trust* (1982), Ind.App., 439 N.E.2d

1198. If a husband and wife are engaged in a joint enterprise, agency will attach. *Downham v. Wagner* (1980), Ind.App., 408 N.E.2d 606.

In determining the sufficiency of the evidence, the Court of Appeals may consider only such evidence and reasonable inferences therefrom which would support the trial court's judgment, and if there is any probative evidence to support the trial court's decision, it is the duty of this court to affirm. *Zack v. Smith* (1982), Ind.App., 429 N.E.2d 983.

Nearly all the evidence was in dispute; however, as a reviewing court, we may not reweigh the evidence or determine credibility of witnesses. *Zack, id.* After carefully reviewing the record, we conclude that the trial court had sufficient evidence before it from which it could find that Alice and her husband were engaged in farming as business partners. In so holding, we also view the evidence as sufficiently strong to explain and remove the equivocal character that Alice is placed in as Arthur's wife.

We concede that the fact that Alice was a co-tenant of the farm and that she shared in the losses and profits of the farm, standing alone, is insufficient to establish a partnership, since those circumstances are consistent with the usual marital arrangement. *Ogallala Fertilizer Co. v. Salsbery, supra* at 730. However, there were additional facts which tended to show that Alice played a partnership role in the farming operation. Alice telephoned orders for feed and picked up feed for the hogs, was present when chemicals were applied to the fields, and kept the books for the farm. While Arthur testified that Alice had raised the hogs herself until 1972 or 1973, the trial court was entitled to believe Miller's testimony that it was within three years before trial that Arthur told Miller that Alice was directing the hog operation. Moreover, the mere fact that the account bore only Arthur's name is not determinative of the question whether there was an agency relationship between husband and wife. *See Sluss v. Capitol Lumber Co.* (1938), 105 Ind.App. 587, 14 N.E.2d 745,

746. Because we find there was probative evidence that the Bradfords operated the farm as a family unit, we must affirm the trial court's judgment finding Alice liable on the open account.

Judgment affirmed.

NEAL and MILLER, JJ., concur.